**Opinion issued January 23, 2025**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-24-00891-CR
_____

## IN RE WILLIAM SOLOMON LEWIS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, William Solomon Lewis, proceeding pro se, filed an Application for Writ of Mandamus, asking this Court to "direct[] the [trial] [j]udge for the 185th District Court of Texas . . . to set for a hearing [his] Writ of Habeas Corpus at the earliest day possible . . . ."[1]  The Court requested a response from the State.  In its

---

[1]  The underlying case is *The State of Texas v. William Solomon Lewis*, Cause No. 1873581 and 1897489, pending in the 185th District Court of Harris County, Texas, the Honorable Andrea Beall and the Honorable Marc Brown presiding.

response, the State argued that Relator's mandamus petition should be denied as moot because on December 16, 2024, the trial court scheduled a hearing on Relator's Writ of Habeas Corpus to be held on January 9, 2025. Together with the response, the State submitted an order dated December 16, 2024 reflecting that a Writ of Habeas Corpus was issued, returnable on January 9, 2025. On January 9, 2025, the State filed a letter, stating that after conducting a hearing, the trial court denied on the merits Relator's Writ of Habeas Corpus.

This Court cannot decide a case that has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.). "If a proceeding becomes moot, the [C]ourt must dismiss the proceeding . . . ." *Id.* Here, the trial court issued a writ and scheduled a hearing on Relator's Writ of Habeas Corpus (subsequently denying the writ on the merits). Because Relator "has received the relief sought by h[is] mandamus petition," we must dismiss this mandamus proceeding as moot. *In re Haywood*, No. 01-21-00645-CV, 2022 WL 10207672, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2022, orig. proceeding) (mem. op.); s*ee In re Campos*, No. 01-21-00247-CV, 2022 WL 3650129, at *1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot where relators "received the relief requested in their mandamus petition" pursuant to

subsequent trial court order); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . .").

We dismiss the Application for Writ of Mandamus as moot. All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).